## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NAOMI SCOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIV – 08 –** |
| ) | |
| **WAFFLE HOUSE, INC.,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | **ATTORNEY LIEN CLAIMED** |

### COMPLAINT

**COMES NOW** the Plaintiff, Naomi Scott, and for her causes of action herein alleges as follows:

### PARTIES

1.      The Plaintiff is Naomi Scott, an adult female residing in Oklahoma County, Oklahoma.

2.      The Defendant is Waffle House, Inc., a corporation or entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.      Plaintiff's causes of action are based on sexual harassment, gender discrimination, and retaliation in her employment with the Defendant, which is in violation of Title VII of the Civil Rights Act of 1964. Jurisdiction over the federal claims is vested in this Court pursuant to 42 U.S.C. § 2000e; and 28 U.S.C. § 1331. Plaintiff's corresponding state law claims arise out of the same core of facts and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367.

4.     All of the claims arose in Oklahoma County and the Defendant is located in and may be served in such county.  Oklahoma County is within the Western District of the United States District Court of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5.     Plaintiff was hired by the Defendant in August, 2002 and worked for Defendant in that capacity until the date of her termination, on or about August 27, 2007.

6.     During her employment, Plaintiff filed a claim for worker's compensation due to an injury she sustained on the job.

7.     While employed by the Defendant, Plaintiff was subjected to a sexually hostile work environment.     During Plaintiff's employment, she was repeatedly propositioned and groped by another of Defendant's employees, Mario Ramirez.

8.     In approximately February, 2007, Plaintiff reported the sexual harassment by Ramirez to her supervisors and to other employees of Defendant, including Doris Davis and Alexis Renti.

9.     After Plaintiff complained of the behavior of Ramirez, Plaintiff's supervisors began to retaliate against Plaintiff by denying her employment opportunities and disciplining Plaintiff for retaliatory reasons.

10.     In July, 2007, one of Plaintiff's supervisors, Tommy, inquired as to whether Plaintiff had complained of sexual harassment.  Plaintiff notified the supervisor that the Defendant took no action to follow up on the complaint with her.

2

11. After notifying Tommy that Defendant had not yet investigated her complaints, Plaintiff's supervisor Tommy told Plaintiff that he thought Plaintiff "was supposed to be fired because of" her complaints.

12. On August 27, 2007, Plaintiff was terminated. Plaintiff's supervisor and Unit Manager, Chris, specifically told Plaintiff "Do you remember the sexual harassment [complaint]...I have to terminate you because of it."

13. Plaintiff believes she was discriminated and retaliated against because of her sex, female, and in retaliation for opposing a sexually hostile work environment which is made unlawful by Title VII of the Civil Rights Act of 1964 and laws of the State of Oklahoma.

14. Plaintiff further believes the Defendant's decision to terminate her was also substantially motivated by the fact that she previously filed a worker's compensation claim.

15. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the EEOC and receiving a right to sue letter on or about May 1, 2008, and has timely filed this action within ninety (90) days of receipt of such notice.

16. As a direct and proximate result of Defendant's actions and conduct as set forth above, Plaintiff has suffered injuries described hereafter.

## COUNT I

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender-based discrimination through a sexually hostile work environment.

18.     As damages, Plaintiff has suffered lost earnings, past and future, mental and emotional distress and other available compensatory damages.

19.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

20.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of retaliation for Plaintiff's actions taken against gender-based discrimination and a sexually hostile work environment.

21.     As damages, Plaintiff has suffered lost earnings, past and future, mental and emotional distress and other available compensatory damages.

22.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT III

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges that:

4

23.    The acts above described also constitute a violation of Oklahoma's public policy exception to at-will employment due to actions taken against Plaintiff in retaliation for complaints of sexual harassment.  There is an implied statutory remedy for such wrongful termination arising out of Oklahoma's anti-discrimination statutes, as articulated by the Supreme Court of Oklahoma in Burk v. K-Mart, 770 P.2d 24 (Okla. 1989).

24.    As damages, Plaintiff has suffered lost earnings, past and future, mental and emotional distress and other available compensatory damages.

25.    Because the actions of the Defendant were intentional and with malice, willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT IV

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges that:

26.    The acts above described also constitute retaliation for filing a good-faith cause of action under the Oklahoma Worker's Compensation Insurance System.

27.    As damages, Plaintiff has suffered lost earnings, past and future, mental and emotional distress and other available compensatory damages.

28.    Because the actions of the Defendant were intentional and with malice, willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive

damages together with pre- and postjudgment interest, costs, attorney's fees and such

other relief as this Court may deem equitable and appropriate including reinstatement.

Respectfully submitted this 24th day of July, 2008.

BABBIT AND MITCHELL LAW FIRM

DUSTIN J. HOPSON, OBA #19485
9905 S. PENNSYLVANIA AVE.
OKLAHOMA CITY, OK  73159
Telephone:    (405) 692-7676
Facsimile:    (405) 692-7670
djhopson@babbitandmitchell.com

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**